RECEIVED
U.S. DISTRICT COURT, E.D.N.Y.
IN CLERK'S OFFICE
LONG ISLAND COURTHOUSE

★ NOV 07 2002 ★

ENTERED

★ ─── ★

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------X

MARC H. WASSERMAN

                Plaintiff,

-against-

JAGUAR CARS OF NORTH AMERICA,
JAGUAR CARS and MICHAEL DRISCOLL

                Defendant(s),

-------------------------------------------X

<u>VERIFIED COMPLAINT</u>

CV 02 5898

PLAINTIFF DEMANDS A
TRIAL BY JURY ON
ALL ISSUES

SPATT, J.
ORENSTEIN, M.

Plaintiff, MARC H. WASSERMAN, PRO SE, alleges upon information and belief as follows:

<u>AS AND FOR A FIRST CAUSE OF ACTION</u>

1. That at the time of the commencement of this action plaintiff resided in the County of Nassau, State of New York.

2. That this action falls under one or more of the exceptions of CPLR § 1602.

3. That at all times herein mentioned, defendant, JAGUAR CARS OF NORTH AMERICA was and still is a foreign corporation duly authorized to conduct business in the State of New York.

4. That at all times hereinafter, defendant, JAGUAR CARS was and still is a foreign corporation duly authorized to do business in the State of New York.

5. That at all times hereinafter mentioned, defendant, MICHAEL DRISCOLL was and is a resident of the State of New Jersey.

6. That at all times herein mentioned, the defendant(s) all maintain their principal place of business at 555 McArthur Blvd., Mahwah, State of New Jersey.

7. That at all times herein mentioned the defendant(s) are and still is a foreign corporation, duly authorized to do business in the State of New York.

8. That at all times herein mentioned the defendant(s) had its principal place of business in the State of New Jersey.

9. The defendant(s) committed a tortious act within the State of New York.

10. That defendant(s) regularly does, or solicits, business in the State of New York.

11. That defendant(s) received substantial revenue from goods used or consumed or service rendered in the State of New York.

12. That at all times herein mentioned the defendant(s) was in the business of selling, manufacturing and distributing motor vehicle for the purpose of sale and use to the general public.

4

13. That at all times herein mentioned the defendant(s) was in the business of selling, manufacturing and distributing motor vehicle for the purpose of sale and use to businesses.

14. That the defendant had manufactured, produced and distributed a certain product called "Jaguar XK8".

15. That at all times herein mentioned and prior to June 9, 1997, the defendant manufactured, sold, distributed and delivered to various retailers the said product.

16. That the defendant(s) warranted said product was fit for the purpose for which it was intended.

17. That the defendant(s) warranted that said product was safe to use in every respect, and had been manufactured safely and warranted that it was good, safe and proper to use.

18. That the defendant impliedly warranted that the said product was of merchantilable quality and was safe for use.

19. That relying upon said warranties, plaintiff proceeded to purchase and use the said product for both work and pleasure.

20. That defendant(s) warranted it's product and provided certain written instructions on said label in connection with the use of the product.

21. That since August, 1997 the plaintiff, while using the product in accordance with its intended use was caused to suffer financial and various pecuniary injuries.

5

22.     That the aforesaid breach was caused solely and wholly by reason that defendant breached its warranty or product merchantability and fitness for the intended use of the said product which warranties were both express and implied.

23.     That solely by reason of the aforesaid breach the plaintiff MARC H. WASSERMAN , was caused to suffer great financial harm; all to plaintiff's damage in the sum of $500,000. DOLLARS ($500,000.00).

## AS AND FOR PLAINTIFF'S SECOND CAUSE OF ACTION

24.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs from "1" through "24", with the same force and effect as those set forth herein and at length.

25.     That the said product was defective and that said defect was a substantial factor in causing the financial injury to the plaintiff.

26.     That, since the products purchase in August of 1997, plaintiff MARC H. WASSERMAN used the product for the purpose and use normally intended.

27.     That on numerous occasions since August of 1997, while plaintiff MARC H. WASSERMAN was operating the above-mentioned product, defective design and engineering caused plaintiff MARC H. WASSERMAN to suffer severe financial injuries.

28.     That by reason of the foregoing, the defendant(s) , servants, agents, licensees and/or employees are liable to plaintiff for strict liability and tort, and/or strict products liability.

6

29. That by reason of the foregoing, plaintiff JOHN DOE has been damaged in the sum of ONE MILLION DOLLARS ($1,000,000.00).

### AS AND FOR PLAINTIFF'S THIRD CAUSE OF ACTION

30. Plaintiff repeats and realleges each and every allegation contained in Paragraphs "1" through "30", with the same force and effect as those set forth herein fully and at length.

31. That plaintiff MARC H. WASSERMAN was caused to sustain those financial injuries through no fault or carelessness of his own, but solely due to the acts and/or omissions which constituted the negligence of the defendant agents, servants, licensees and/or employees, in failing to use proper skill in the manufacturing, designing and labeling of said product and its container; in failing to provide for basic, common, safety principles; in labeling the product in a defective and improper manner; in failing to advise plaintiff that the equipment in accordance with the instructions became defective and was unsafe and hazardous; in failing to properly inspect, design and test the aforesaid product before allowing same to be used by the general public; in failing to give proper and timely notice to plaintiff of the defective, unsafe and poorly labeled product, and improperly not providing for warnings, in accordance with the instructions of its use; in failing to provide a safe product, and causing, creating and allowing a defective, improper and poorly labeled product by improperly giving instructions thereby creating a dangerous

condition with respect to the product and its use, and permitting it to remain and exist; in failing to provide proper safeguards and warnings to prevent injury to the users and others of the said product; in failing to warn the plaintiff and others of the dangerous, improper and poorly designed label and defective instructions and condition of the product, and in manufacturing improperly and negligently designing labels, and warnings, and releasing same for its use to the general public; and in otherwise being careless and negligent.

32. That by reason of the foregoing, plaintiff, MARC H. WASSERMAN has been damaged in the sum of ONE MILLION DOLLARS ($1,000,000.00).

33. That the defendant(s) learned that the 1997 Jaguar model XK8 had mechanical defects and failed to advise any purchasers of this model of said defects.

34. That as a result of the defendant's concealment of the vehicles known defects all users of said vehicle were placed in unreasonable risk.

35. That as a result of the willful and wanton conduct of the defendants punitive damages are sought to prevent defendant's conduct from occurring in the future.

36. WHEREFORE, plaintiff JOHN DOE demands judgment against the defendant in the sum of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) on plaintiff's first cause of action; and on the second cause of action the sum of ONE MILLION DOLLARS ($1,000,000.00); and on the third cause

of action the sum of ONE MILLION DOLLARS ($1,000,000.00) and punitive damages to be assessed by the Court to prevent the defendant from engaging in such future conduct; together with the interest, costs and disbursements of this action.

Dated:    Melville, NY
          November 6, 2002

                              Yours, etc.


MARC H. WASSERMAN
Notary Public, State of New York
No. 31-4994910
Qualified in New York County
Commission Expires April 13, 2003

                              MARC H. WASSERMAN, Pro Se

                              35 Pinelawn Road
                              Melville, New York 11747
                              631-755-1234
                              (2354)

9